UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRYSTAL B., | |
| Plaintiff, | Case No. C20-5073-MLP |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## I.  INTRODUCTION

Plaintiff seeks review of the denial of her application for a Period of Disability and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by improperly evaluating medical evidence, discounting lay witness testimony, and making erroneous step five findings. (Dkt. # 16.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.  BACKGROUND

Plaintiff was born in 1984 and previously worked as a certified nurse assistant, child monitor, and child daycare center worker. AR at 30. Plaintiff applied for benefits on March 21,

ORDER - 1

1  2017, alleging disability as of September 1, 2013.[1] *Id.* at 15. Plaintiff's application was denied

2  initially and on reconsideration. The ALJ held a hearing in October 2018, taking testimony from

3  Plaintiff and a vocational expert. *See id.* at 37-83. In December 2018, the ALJ issued a decision

4  finding Plaintiff not disabled from June 6, 2015, through the date of the decision. *Id.* at 12-36. In

5  relevant part, the ALJ found Plaintiff's severe impairments of status post lumbar laminectomy

6  with cyst removal, headaches, bilateral carpal tunnel syndrome post surgical release, bilateral

7  trochanteric bursitis with mild iliotibial band syndrome, morbid obesity, and unspecified

8  depressive disorder versus adjustment disorder with mixed anxiety and depressed mood limited

9  her to sedentary work subject to a series of further limitations. *Id.* at 17, 19. Based on vocational

10 expert testimony the ALJ found Plaintiff could perform sedentary jobs that exist in significant

11 numbers in the national economy. *Id.* at 30-31. Plaintiff appealed this final decision of the

12 Commissioner to this Court. (Dkt. # 5.)

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

---

[1] At the hearing, Plaintiff amended the alleged onset date to June 6, 2015. AR at 15.

*Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV.   DISCUSSION

**A.  The ALJ Erred in Evaluating the Medical Evidence**

Because Plaintiff filed her applications before March 27, 2017, the ALJ was required to generally give a treating doctor's opinion greater weight than an examining doctor's opinion, and an examining doctor's opinion greater weight than a non-examining doctor's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ may only reject the contradicted opinion of a treating or examining doctor by giving "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Plaintiff argues the ALJ misevaluated medical opinions regarding her physical and mental impairments.

       *1.*   *The ALJ Erred by Discounting the Opinion of Examining Doctor Patricia Sylwester, M.D.*

Plaintiff argues the ALJ erred by failing to provide "clear and convincing" reasons for discounting Dr. Sylwester's opinion. (Dkt. #16 at 3.) However, because Dr. Sylwester's opinion was contradicted by the opinions of the non-examining psychologists, the ALJ was required to provide "specific and legitimate" reasons for discounting Dr. Sylwester's opinion. *Revels*, 874 874 F.3d at 654.

Plaintiff contends the ALJ erroneously rejected Dr. Sylwester's assessed limitations relating to her ability to sit and range of motion. Dr. Sylwester examined Plaintiff on August 21, 2016, and opined Plaintiff's "sitting capacity is up to two hours due to her reduced range of motion in her back and radicular symptoms. She would need to be able to change positions as needed for pain." AR at 337. The ALJ found "there is no etiology for such a finding. The claimant's treating providers have not found a reason for her complaints and there is no objective imaging that would support such a limitation." *Id*. at 26. The ALJ's rationale is legally erroneous. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (the lack of supporting objective medical evidence cannot be the sole reason an ALJ discounts subjective complaints.) The ALJ accordingly erred in discounting Dr. Sylwester's sitting limitation.

Next, Dr. Sylwester opined Plaintiff's "[c]limbing, balancing, stooping, kneeling, crouching, and crawling are restricted to never due to reduced range of motion in her back and her radicular symptoms." *Id.* at 337. The ALJ found Plaintiff's "range of motion limitations seen with Dr. Sylwester are not consistent throughout the record, as at other times the claimant has demonstrated significantly greater range of motion." *Id*. at 26-27. Here, the ALJ discounted the range of motion limitation as inconsistent with the medical record. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("incongruity" between a doctor's opinion and medical records may suffice as a specific and legitimate reason for rejecting that opinion); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ may reject opinion that is "unsupported by the record as a whole"). Substantial evidence supports the ALJ's finding. *See, e.g.*, AR at 566 (April 19, 2018 treatment note indicating "Lumbar range of motion with flexion to 45-50 [degrees]. Extension to 20 [degrees]."); *id.* at 571 (December 4, 2017 treatment note indicating "Lumbar range of motion with flexion to 40 [degrees]. Extension to 20-25

ORDER - 4

[degrees]."); *id.* at 577 (January 11, 2018 treatment note indicating "Lumbar range of motion with flexion to 40 [degrees]. Extension to 20-25 [degrees]."). The ALJ accordingly did not err in rejecting Dr. Sylwester's opinion about Plaintiff's range of motion limitations.

      2.     *The ALJ Erred in Assessing the Opinion of Examining Psychologist Robin Ballard, Ph.D.*

The ALJ accorded "significant weight" to Dr. Ballard's opinion, AR at 27, but failed to account, without explanation, for all of the limitations Dr. Ballard assessed in fashioning the RFC. First, Dr. Ballard opined Plaintiff's mental impairments would not prevent her from "retaining simple work-related tasks." *Id.* at 343. The ALJ, however, found Plaintiff could perform "well-learned, semiskilled tasks consistent with SVP 3-4." *Id.* at 19. Next, while the RFC limits the Plaintiff to "occasional public contact," *id.*, Dr. Ballard assessed a broader limitation: Plaintiff "may periodically have difficulty interacting with others[.]" *Id.* at 343. "Others" necessarily may include coworkers and supervisors. Finally, Dr. Ballard opined Plaintiff "may periodically have difficulty … completing jobs depending on the number of panic attacks she has." *Id.* The ALJ does not address this limitation and the RFC does not incorporate it. The ALJ accordingly erred in assessing Dr. Ballard's opinion. *See* SSR 96-8p, 1996 WL 374184, at *7 (Jul. 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

**B.  The ALJ Erred by Discounting the Lay Witness Testimony**

An ALJ may discount lay witness testimony by giving a germane reason. *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017). Plaintiff argues the ALJ erred in assessing testimony provided by her friend and her mother.

ORDER - 5

*1. The ALJ Erred by Discounting Terry Witt's Lay Testimony*

Plaintiff's friend, Witt, "wrote a statement indicating that the claimant had depression relating to her physical difficulties." AR at 28. Specifically, Witt stated Plaintiff "had difficulty sitting on the floor or throwing [a] football with her children"; Plaintiff's "elder children did most of her housework"; and that Witt "help[ed] care for the claimant's two-year-old daughter." *Id.* The ALJ accorded "limited weight" to Witt's testimony, finding "the overall evidence indicates that the claimant retains sedentary abilities as described by" the RFC. *Id.* The ALJ's finding is partially supported. The ALJ properly discounted the portion of Witt's testimony that is consistent with Dr. Sylwester's range of motion limitation, as described above. However, the ALJ necessarily erred by discounting the portion of Witt's testimony that is consistent with Dr. Sylwester's sitting limitation, as described above.

*2. The ALJ Erred by Discounting Leona Nichols' Lay Testimony*

Plaintiff's mother, Nichols, testified about Plaintiff's physical limitations. Specifically, Nichols stated Plaintiff "could not stand or sit for long periods" and "had issues with bending at times and sometimes described feeling as if she was going to pass out." AR at 28. The ALJ found Nichols' testimony consistent with the RFC. *Id.* ("The limitations Ms. Nichols describes are not necessarily disabling, as the residual functional capacity herein provides for the touch of opportunity to change positions at will and significantly limits the claimant to a less than full range of sedentary work."). However, because the ALJ erred in discounting Dr. Sylwester's opinion, and must necessarily revisit the RFC, the ALJ must also reassess Nichols' testimony.

## V.     CONCLUSION

Because the ALJ misevaluated the medical evidence and lay witness testimony and formulated an RFC that therefore did not account for all assessed limitations, the Court need not address Plaintiff's step five challenge at this juncture. The ALJ on remand should make step five

ORDER - 6

findings following a reassessment of the evidence. For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reevaluate the medical opinions of Dr. Sylwester and Dr. Ballard and the lay witness testimony, redetermine Plaintiff's RFC as necessary, and proceed to the remaining steps as appropriate.

Dated this 24th day of March, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge